NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

FARMERS LOAN & TRUST CO. *v.* MCKENNA.

*In the matter of the estate of* WILLIAM KENNELLY, *deceased.*

Although Code Civ. Pro., § 2531 recognizes the authority of the Surrogate to appoint a special guardian for an infant at the latter's instance, that section must be construed, in connection with id., § 2530, as authorizing such appointment only where the general guardian does not appear, or the Surrogate is satisfied that the latter is disqualified to adequately protect the interests of his ward.

Where, therefore, an infant having a general guardian applies to a Surrogate's court for the appointment of a special guardian, to represent him in a proceeding therein, he must give to the former notice of the application.

APPLICATION for appointment of guardian ad litem of infant next of kin of testator, upon accounting of executor of his will. The facts are stated in the opinion.

DAVID MCCLURE, *for general guardian.*

J. MCKENNA, *special guardian.*

THE SURROGATE.—The executor of this estate is now accounting before the Surrogate. Upon the application of two of the testator's minor children,

an order has been entered, appointing a special guardian to protect, not only their own interests, but those also of two other infants, sisters of the petitioners. Of all these infants, the Farmers Loan and Trust company is general guardian, and, as such, is entitled to represent its wards, unless their interests require that they should be represented by a special guardian (Code Civ. Pro., § 2530).

Now, it nowhere appears, in the papers upon which the order of appointment herein was grounded, that the general guardian cannot fully represent the infants in the proceeding for the settlement of the executor's accounts. Although § 2531 recognizes the authority of the Surrogate to appoint a special guardian for an infant at the infant's instance, that section must be construed, when read in connection with § 2530, as authorizing such appointment only in cases where there is no appearance of the general guardian, or where it is shown, to the satisfaction of the Surrogate, that the general guardian is, for some reason, disqualified from affording to the interests of his wards adequate protection.

In cases where an infant has a general guardian, it is, therefore, an irregular practice to appoint a special guardian upon the application of such infant, without notice of such application having first been given to the general guardian. No such notice was given in the case at bar.

It is now claimed, however, that, in an action brought against these infants for the partition of lands in which they are interested, the attorneys for this general guardian acted as attorneys for the plain-

tiff, and that such action was commenced against the wishes of two of the infants, who have expressed a wish that said attorneys shall not appear for them on this accounting. It does not appear, however, that the commencement or prosecution of the action for partition is detrimental to the interests of these infants, or that their general guardian is unable or unwilling or unlikely to protect their interests to the full.

The order appointing the special guardian must be set aside, and the general guardian permitted to appear.